UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-22424-MGC

HOWARD COHAN

       Plaintiff,

v.

MAROD SUPERMARKETS, INC.
a Florida Profit Corporation d/b/a
PRESIDENTE SUPERMARKET #5,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

COMES NOW, Defendant, MAROD SUPERMARKETS, INC. d/b/a PRESIDENTE SUPERMARKET #5, ("Defendant"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure hereby files its Answer and Affirmative Defenses to HOWARD COHAN's ("Plaintiff") Complaint and states as follows:

## JURISDICTION AND VENUE

1. Defendant admits the allegations in Paragraph 1 for jurisdictional purposes only; Defendant denies the remaining allegations in Paragraph 1, specifically Defendant denies it violated Title III of the Americans with Disabilities Act ("ADA"); thus, Defendant demands strict proof thereof.

2. Defendant admits the allegations in Paragraph 2 for venue purposes only; Defendant denies the remaining allegations in Paragraph 2 and demands strict proof thereof.

## **PARTIES**

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3; therefore, Defendant, denies same and demands strict proof thereof.

4. Defendant admits that operates a store located at 450 NE 125th Street, Miami, FL 33161. Defendant denies the remaining allegations in Paragraph 4 and demands strict proof thereof.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6; therefore, Defendant, denies same and demands strict proof thereof.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 concerning the Plaintiff's alleged visit to the Premises; therefore, Defendant, denies same and demands s strict proof thereof. As to the remaining allegations in Paragraph 7, Defendant denies same and demands s strict proof thereof.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 concerning the Plaintiff's alleged visit to the Premises; therefore, Defendant, denies same and demands strict proof thereof. As to the remaining allegations in Paragraph 8, Defendant denies same and demands strict proof thereof.

9. Defendant denies the allegations in Paragraph 9 and demands strict proof thereof.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10; therefore, Defendant, denies same and demands strict proof thereof.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11; therefore, Defendant, denies same and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph 12 and demands strict proof thereof.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

13. Defendant re-aver and incorporate by reference herein its responses to Paragraphs 1 through 12 as if fully set forth herein.

14. The allegations in Paragraph 14 call for a legal conclusion, to which no response is required; however, to the extent a response is required, Defendant denies the allegations in Paragraph 14 and demands strict proof thereof.

15. The allegations in Paragraph 15, including subsections (a), (b), (c), (d), and (e), call for a legal conclusion, to which no response is required; however, to the extent a response is required, Defendant denies the allegations in Paragraph 15 and demands strict proof thereof.

16. The allegations in Paragraph 16, including subsections (a), (b), and (c), call for a legal conclusion, to which no response is required; however, to the extent a response is required, Defendant denies the allegations in Paragraph 16 and demands strict proof thereof.

17. The allegations in Paragraph 17, call for a legal conclusion, to which no response is required; however, to the extent a response is required, Defendant denies the allegations in Paragraph 17 and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph 18 and demands strict proof thereof.

19. Defendant denies the allegations in Paragraph 19 and demands strict proof thereof.

20. Defendant denies the allegations in Paragraph 20 and demands strict proof thereof.

21. The allegations in Paragraph 21 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21 and demands strict proof thereof.

22. Defendant denies the allegations in Paragraph 22, including subsections (a), (b), (c), (d), (e), (f), (g), (h), (i) and (j) and demands strict proof thereof.

23. Defendant denies the allegations in Paragraph 23 and demands strict proof thereof.

24. Defendant denies the allegations in Paragraph 24 and demands strict proof thereof.

25. Defendant denies the allegations in Paragraph 25 and demands strict proof thereof.

26. Defendant admits that it is required to comply with the ADA. The remaining allegations contained in Paragraph 26 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26 and demands strict proof thereof.

27. The allegations in Paragraph 27 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27 and demands strict proof thereof.

28. The allegations in Paragraph 28 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28 and demands strict proof thereof.

29. Defendant denies the allegations in Paragraph 29 and demands strict proof thereof.

30. The allegations in Paragraph 30 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30 and demands strict proof thereof.

31. Defendant admits this Court is vested with authority to address Plaintiff's claims; however, the remaining allegations in Paragraph 31 call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31 and demands strict proof thereof.

Defendant denies each and every allegation not expressly admitted herein. To the extent the Court deems a response is required to the "WHEREFORE" clause, Defendant denies that the Plaintiff is entitled to any of the relief requested therein, including subsections (1), (2), (3), (4), and (5). Moreover, Defendant demands trial by jury on all matters triable as a matter of right.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendant submits the following affirmative defenses:

### First Affirmative Defense

Plaintiff's claims are barred to the extent they seek remedies beyond those provided by the ADA.

### Second Affirmative Defense

Plaintiff lacks standing, in whole or in part, to bring the claims alleged in the Complaint and thus the Complaint should be dismissed.

### Third Affirmative Defense

Plaintiff failed to establish that he suffered actual damages because of the alleged structural/architectural barriers or deficiencies at Defendant's store. Instead, Plaintiff asserted conclusory statements, both legal and factual, that he is entitled to damages under the ADA—without any evidentiary support. As a result of this failure to provide specific factual allegations to support his legal conclusions, Plaintiff fails to state a claim. Accordingly, Plaintiff's Complaint must be dismissed.

### Fourth Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted under the ADA.

### Fifth Affirmative Defense

Plaintiff improperly identified elements of the facility among the allegations of ADA non-compliance that are not within the responsibility and/or control of Defendant and for which Defendant is not required to provide accessibility or barrier removal as a matter of law. Indeed, several of Plaintiff's allegations that Defendant violated the ADAAG are false because the ADAAG regulations cited in the Complaint are either inapplicable or the Subject Premises are in compliance therewith.

### Sixth Affirmative Defense

Defendant state that Plaintiff fails to state a claim upon which relief can be granted because he has not been excluded from full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation of any place of public accommodation, but for his disability.

### Seventh Affirmative Defense

Title III of the Americans with Disabilities Act requires only reasonable modifications and readily achievable barrier removals or alternative methods. This applies only when the disabled person is subject to de facto discrimination in places of public accommodation that existed before the enactment of the Act on January 26, 1993. *Access Now, Inc. v. South Florida Stadium Corp.,* 161 F.Supp.2d 1357 (S.D. Fla. 2001). Here, Plaintiff failed to assert how he was subjected to de facto discrimination. Without asserting same, Plaintiff fails to overcome the initial hurdles required to assert a claim against Defendant. Consequently, the Complaint must be dismissed.

### Eighth Affirmative Defense

Because Plaintiff filed this action without first attempting to resolve the issues through alternative means of alternative dispute resolution, as encouraged by 42 U.S.C. § 12212, this Court should exercise its discretion to denies Plaintiff's alleged entitlement to attorneys' fees and costs incurred in this action.

### Ninth Affirmative Defense

Defendant states that the claimed violations are "de minimis" and non-actionable because they do not materially impar Plaintiff's use of an area for an intended purpose.

### Tenth Affirmative Defense

"Unless Plaintiffs have produced evidence that the Stadium presents architectural barriers which are prohibited by the ADA, and that the removal of these barriers is readily achievable, they have not met their burden." *Access Now, Inc.* v. *South Florida Stadium Corporation*, 161 F.Supp.2d 1357, 1366 (S.D. Fla. 2001). Here, Plaintiff failed to include any evidentiary support for his conclusory allegations stating that removal of the architectural barriers are readily achievable. Threadbare allegations alone fail to provide a basis to state a claim under this Court's precedent. *Ashcroft* 556 U.S. at 679. Consequently, Plaintiff's claim fails as a matter of law and should be dismissed.

### Eleventh Affirmative Defense

At all times material hereto, despite any alleged physical barriers, Plaintiff was not denied full access to the Subject Property.

**Twelfth Affirmative Defense**

Plaintiff failed to mitigate his damages or satisfy conditions precedent to bringing this action, in part, by neglecting to provide Defendant with notice of the deficiencies alleged in the Complaint and an opportunity to cure the deficiencies before instituting this lawsuit.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury as to all issues triable in this matter.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on July 29, 2021. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

/s/ *Kielan Saborit*
Kielan Saborit, Esq.

**SERVICE LIST**

GREGORY S. SCONZO, ESQUIRE
**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459
**Primary Email:** greg@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com
*Attorneys for Plaintiff*